## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| SHANE and BRENT MICHELSON, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:17-cv-3244 |
| | § | |
| DEBRA T. BATSON, JPMORGAN | § | |
| CHASE & CO., JPMORGAN CHASE | § | |
| BANK, N.A., JPMORGAN PRIVATE | § | |
| BANK, and JP MORGAN TRUST | § | |
| COMPANY OF DELAWARE, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' NOTICE OF REMOVAL

COME NOW Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. (in its own capacity and improperly named as JPMorgan Private Bank), J.P. Morgan Trust Company of Delaware (collectively, the "JPMorgan Defendants"), and Debra T. Batson ("Batson"), and file this Notice of Removal, and would respectfully show the following:

### I.     INTRODUCTION AND FACTUAL BACKGROUND

1.     The JPMorgan Defendants and JPMorgan Chase Bank, N.A. employee Batson (collectively, "Defendants") are the defendants in Cause No. DC-17-14422 (the "State Court Action"), currently pending in the 116th District Court of Dallas County, Texas (the "State Court").

2.     In the State Court Action, Plaintiffs have asserted claims against Defendants relating to the seeking of an opinion concerning proper distribution of assets held in a trust of which, Plaintiffs allege, J.P. Morgan Trust Company of Delaware was the trustee. Plaintiffs do not

expressly assert that the opinion was incorrect or that the assets of the trust should have been distributed to them. Plaintiffs merely assert that the Defendants should have sought a different opinion that hypothetically would have favored Plaintiffs.[1] Through their claims for negligence, breach of fiduciary duty, and fraud by nondisclosure, Plaintiffs essentially allege that the JPMorgan Defendants and Batson failed to seek another opinion, manipulated the timing of the distribution of the trust's assets, and failed to disclose to Plaintiffs the circumstances and basis of their actions.

## II.    TIMELINESS OF REMOVAL

3.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days after the receipt by any Defendant of a copy of the initial pleading setting forth the claim for relief upon which such action is based. *See* 28 U.S.C. § 1446(b).

4.     The JPMorgan Defendants were served on October 30, 2017, and so have until November 29, 2017 to remove the case. Defendant Batson was served on November 6, 2017.

## III.    THE PARTIES

5.     Plaintiff Shane Michelson alleges that he is a resident of the Republic of Zimbabwe.

6.     Plaintiff Brent Michelson alleges that he is a resident of the United Kingdom of Great Britain.

7.     At the present time and at the time of the commencement of the State Court Action, Defendant JPMorgan Chase & Co. is and was a Delaware holding corporation with its principal place of business in New York, New York. Thus, for purposes of diversity of citizenship,

---

[1] While Plaintiffs state generally that they are beneficiaries of the trust, their Petition is devoid of any allegation that the trust assets should have been distributed to the Plaintiffs. The Petition merely alleges that Plaintiffs were not provided the opportunity to challenge the distribution of the assets to the decedent's estate.

JPMorgan Chase & Co. is a citizen of both New York and Delaware. 28 U.S.C. § 1332(c)(1). *See*

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).

8.      At the present time and at the time of the commencement of the State Court Action,

Defendant JPMorgan Chase Bank, N.A.—including those operations conducted under the trade

name JPMorgan Private Bank—is and was a national banking association organized under the

laws of the United States of America, the articles of association of which identify Columbus, Ohio

as its main office, thus making it a citizen of the State of Ohio for diversity purposes. *See Wachovia*

*Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

9.      At the present time and at the time of the commencement of the State Court Action,

Defendant J.P. Morgan Trust Company of Delaware is and was a corporation incorporated in

Delaware with its principal place of business in Newark, Delaware. Thus, J.P. Morgan Trust

Company of Delaware is a citizen of Delaware.

10.     Batson is a natural person and resident of Texas.

## IV.    CONSENT

11.     All necessary consents for the removal of this lawsuit to federal court have been

obtained, as this Notice of Removal is filed by all Defendants, collectively.

## V.    BASIS FOR REMOVAL

12.     Removal is proper because complete diversity exists among the real parties in

interest. Batson's citizenship should be disregarded for diversity purposes because she was

fraudulently joined in an attempt to defeat diversity jurisdiction and prevent removal of the State

Court Action to this Court. Additionally, as Plaintiffs' Original Petition (the "Petition") alleges,

Plaintiffs seek "monetary relief exceeding $1,000,000.00." Thus, the amount in controversy

exceeds the sum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

This action may therefore be properly removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

13.     Venue is proper in this Court, as it is the district and division encompassing the place in which the State Court Action was originally filed.

**B.     APPLICABLE STANDARD**

14.     Generally, a state court action involving the requisite amount in controversy is removable only if 1) complete diversity of citizenship exists between the plaintiff and defendants and 2) no defendant is a citizen of the state in which the action was brought. But these requirements are not iron-clad, and while removal on diversity grounds is generally prohibited when one defendant is a resident of the forum state, this prohibition only applies when the defendant has been properly joined. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004). When complete diversity exists among the plaintiff and properly-joined defendants, none of whom is a resident of the forum state for diversity purposes, removal is proper. *See Lott v. Dutchmen Mfg.*, 422 F. Supp. 2d 750, 753 (E.D. Tex. 2006); *Zimmerman v. Travelers Lloyds of Tex. Ins. Co.*, Civil Action No. 5:15-CV-325, 2015 U.S. Dist. LEXIS 84305, at *5 (W.D. Tex. 2015).

15.     The party seeking removal bears the burden of establishing that joinder was improper. *Smallwood*, 385 F.3d at 574. Whether improper joinder is based on the joinder of a non-diverse defendant or an in-state defendant, "improper joinder" may be established by "the inability of the plaintiff to establish a cause of action against the [improperly-joined] party in state court." *Id.* at 573. Thus,

> [t]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [the] in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant.

*Id.*

16.     In the context of an improper joinder argument, this standard requires "that there must be a reasonable possibility of recovery" against the improperly joined defendants, and "not merely a theoretical one." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003). In determining whether a plaintiff has met this standard, the court looks "initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. For purposes of this analysis, the plaintiff's complaint is held to federal, and not state court, pleading standards. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Under this standard, "a complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Id.* at 200. Moreover, while the court's inquiry begins with the allegations of the complaint, "there are cases [] in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573.

17.     Plaintiffs have failed to allege facts against Batson such that the Court could infer that relief against Batson is plausible. In the alternative, if the Court's analysis goes beyond the four corners of Plaintiffs' complaint, there is also no evidence from which the Court could infer that relief against Batson is plausible. Batson was improperly joined merely to prevent the removal of the State Court Action and her citizenship should be disregarded for the purpose of establishing diversity jurisdiction.

C.     **THERE IS NO REASONABLE POSSIBILITY THAT PLAINTIFFS HAVE ANY VALID CLAIM AGAINST BATSON.**

18.     Plaintiffs' claim for breach of fiduciary duty against Batson fails because Plaintiffs have failed to plead facts sufficient to show that Batson herself owed Plaintiffs any fiduciary duty. Plaintiffs acknowledge that Batson was not the trustee of the trust at issue; rather, her alleged

employer was. (*See* Petition at ¶ 12) (alleging "[t]he Trust designated JP Trust as the trustee…").

In fact, Plaintiffs also acknowledge that any act or omission taken by Batson was taken in the

course and scope of her employment. (*See* Petition at ¶ 20) Under Texas law, "a fiduciary

relationship is an extraordinary one and will not be lightly created." *Chapman Children's Trust v.*

*Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 439 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

"Corporations, of course, can act only through individuals. But that does not mean that the

individuals become personally liable for breach of trust or fiduciary duty when they err in their

capacity as employees or officers of the trustee entity." *Thornbrook Int'l v. Rivercross Found.*, No.

03 C 1113, 2004 U.S. Dist. LEXIS 12431, at *27 (N.D. Ill. 2004). Thus, the employee of a

corporation is not individually liable for her employer's alleged breach of a legal duty (fiduciary

or otherwise) merely by reason of her employment. See *Leyendecker & Assocs., Inc. v. Wechter*,

683 S.W.2d 369, 375 (Tex. 1984). Rather, the employee of a corporate fiduciary may be held

individually liable for her employer's alleged breach of a fiduciary duty only when she has

personally directed or participated in the breach at issue. *See id.* at 375("[a] corporation's employee

is personally liable for tortious acts which he directs or participates in").

19.    In this case, Plaintiffs have not pled facts sufficient to establish that Batson owed

Plaintiffs a fiduciary duty separate and apart from her employer, the alleged trustee.[2] Plaintiffs

have also not alleged that Batson had authority to direct, or that she did direct, the alleged breaches

of fiduciary duty at issue, namely the circumstances surrounding the seeking of an opinion

regarding distribution of trust assets and proceeding to distribute the assets accordingly. Instead,

Plaintiffs merely allege that "Batson … became the primary contact for Plaintiffs' family." (*See*

---

[2] Plaintiffs allege that "[i]n accordance with Chapter 33 of the Delaware Trust Code, each of the employees of JPM Trust, JPM Private, and JPM Bank acted as fiduciaries with respect to Plaintiffs." (*See* Petition at ¶ 14) Plaintiffs' intended meaning here is not clear. However, nothing in Chapter 33 of the Delaware Trust Code renders Batson a fiduciary of Plaintiffs merely by virtue of her employment. *See* 12 DE Code § 3301, *et seq.*

Ex. A-2, Petition at ¶ 15) But merely serving as a conduit of information, however, is not the same as directing or participating in a breach of fiduciary duty, nor does such conduct itself create or breach an independent fiduciary duty. Simply put, there are no allegations sufficient to establish that Batson may be held individually liable for any breach of fiduciary duty.

20.     In connection with their negligence claim, Plaintiffs allege that "Batson, JPM Trust, JPM Private Bank, JPM Bank, and JPM Chase owed Plaintiffs a duty to act as a reasonably competent fiduciary for Plaintiffs as beneficiary of the Trust" and that Defendants collectively breached this duty by failing to take several acts. (*See* Ex. A-2, Petition at ¶ 23) As set forth above, Plaintiffs have not pled facts sufficient to establish that Batson owed Plaintiffs a fiduciary duty separate and apart from her employer, the alleged trustee. Furthermore, under Texas law, it is well settled that in negligence actions an employee is only individually liable for her own alleged negligence—separate and apart from that of her employer—when she "owes ***an independent duty*** of reasonable care to the injured party ***apart from the employer's duty***." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (emphasis added). Batson did not owe, and Plaintiffs have not pled facts sufficient to establish, any independent duty to Plaintiffs.

21.     Finally, Plaintiffs' claim against Batson for fraud by nondisclosure fails for several reasons. First, Plaintiffs contend that "Batson, JPM Trust, JPM Private, JPM Bank, and JPM Chase had a duty to disclose [certain] facts [] because of their status as fiduciaries to Plaintiffs." (Exhibit A-2, Petition at ¶ 32) However, as discussed, Plaintiffs have not pled sufficient facts to establish that Batson owed an independent fiduciary duty to Plaintiffs or that she may be held individually liable for any alleged breach of fiduciary duty. Similarly, Batson had no duty to disclose the facts at issue. *See Ins. Co. of N. Am. v. Morris,* 981 S.W.2d 667, 674 (Tex. 1998) (noting that a defendant

may not be held liable for fraud by non-disclosure without a duty to disclose and "no duty of

disclosure arises without evidence of a confidential or fiduciary relationship.")

22.     Second, Plaintiffs' allegations against Batson are mostly lumped into boilerplate

charges against Defendants collectively. For example, Plaintiffs allege that:

> Batson, JPM Trust, JPM Private, JPM Bank and JPM Chase
> concealed from Plaintiffs that the characterization of the estate for
> tax purposes could result in Defendant's contending that Plaintiffs
> took nothing under the Trust. Further Batson, JPM Trust, JPM
> Private, JPM Bank and JPM Chase concealed from Plaintiffs that
> they received an opinion letter from the administrator of the
> McKenna's estate…

(Exhibit A-2, Petition ¶ 31). These allegations fail to show which alleged acts are allegedly

attributable to Batson individually, as opposed to the JPMorgan Defendants. *See Taj Props., LLC

v. Zurich Am. Ins. Co.,* No. H-10-251p2, 2010 U.S. Dist. LEXIS 125357, at *11-12 (S.D. Tex.

Nov. 29, 2010) ("Allegations merely asserted against 'Defendants,' without alleging what facts

are attributed to the adjuster individually as opposed to the insurance company, do not provide a

reasonable basis for recovering from the adjuster.") (citing *Lakewood Chiropractic Clinic v.

Travelers Lloyds Ins. Co.,* H-09-1728, 2009 U.S. Dist. LEXIS 99854, at *4 (S.D. Tex. Oct. 27,

2009)). Such general allegations are insufficient to support a claim against Batson.

23.     Third, Plaintiffs acknowledge that Batson informed them of the very information

that they now claim was improperly withheld. (*See* Petition at ¶ 18) ("[O]n February 19, 2016,

Batson informs Greg Michelson [Plaintiffs' father] that the administrator of McKenna's estate,

who was hired by McKenna's sister who was excluded from taking from the Trust, provided an

'opinion' that the property of the Trust was part of McKenna's estate…"). Even if Batson owed

Plaintiffs some individual duty to disclose certain information, which Defendants deny, she cannot

be held liable for a breach of that duty if she, in fact, disclosed the subject information to Plaintiffs.

24.     Finally, Plaintiffs have also failed to plead their claim for fraud by non-disclosure with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 9(b); *see also Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005) (Rule 9(b) requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent.") Instead, Plaintiffs rely on the general allegations against Batson and the JPMorgan Defendants, collectively, noted above.

25.     For each of the reasons discussed above, Plaintiffs' Petition fails to state a plausible claim against Batson, and her status as a Texas resident does not prevent removal of this case to this Court.

## VI.     NOTICE TO STATE COURT

26.     Promptly after the filing of this Notice of Removal, Defendants will provide notice of the removal to Plaintiffs through their attorney of record in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

## VII.     LOCAL RULES

27.     Pursuant to Local Rule 81.1 of the Local Rules for the Northern District of Texas, the following documents are being provided to the District Clerk for filing:

    A.     This Notice of Removal;

    B.     A Civil Cover Sheet;

    C.     A Supplemental Civil Cover Sheet; and

    D.     A Certificate of Interested Persons.

28.     Further, pursuant to Local Rule 81.1 of the Local Rules for the Northern District of Texas, the following documents are attached hereto as exhibits for filing:

A.    An index of all documents that clearly identifies each document filed in the State Court Action and the date the document was filed in the State Court, incorporated herein as Exhibit A;

B.    A copy of the docket sheet in the State Court Action, incorporated herein as Exhibit A-1; and

C.    Each document filed in the State Court Action, except discovery material, incorporated herein as Exhibit A-2 through A-15.

## VIII.   PRAYER

Defendants remove this case to this honorable court based on the diversity of citizenship of the parties, and request that this Court proceed with this action as if it had originally commenced in this Court and make all orders necessary and appropriate to effectuate this removal.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: */s/ Brad Nitschke*
     **Brad Nitschke**
     State Bar No. 24052299
     **Shelisa E. Brock**
     State Bar No. 24097420

     2323 Ross Avenue, Suite 600
     Dallas, Texas 75201
     (214) 953-6000
     (214) 953-5822 – Fax
     Email:  bnitschke@jw.com
            sbrock@jw.com
     ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 29th day of November 2017, a true and correct copy of the foregoing document was served via electronic service upon:

**Jason C. Webster**
**Heidi O. Vicknair**
**Omar R. Chawdhary**
**David A. Spradling**
filing@thewebsterlawfinn.com

**Steven E. Aldous**
Forshey & Prostok, LLP
saldous@forsheypr0stok.com

By: */s/ Shelisa E. Brock*
     Shelisa E. Brock